**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1298**

KATHRYN LEA HARMAN,

                 Plaintiff – Appellant,

      v.

UNISYS CORPORATION,

                 Defendant – Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (1:08-cv-00542-GBL-TRJ)

Submitted: October 27, 2009       Decided: December 4, 2009

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Kathryn Lea Harman, Appellant Pro Se. Frank Charles Morris, Jr., Brian Steinbach, EPSTEIN, BECKER & GREEN, PC, Washington, DC, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kathryn Lea Harman brought this action against Unisys Corporation ("Unisys") and several of its employees asserting, in part, claims of gender discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2006) ("Title VII"); age discrimination and retaliation, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 to 634 (2006) ("ADEA"); overtime compensation and retaliation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 216(b) (2006) ("FLSA"); and race discrimination and retaliation, in violation of 42 U.S.C. § 1981 (2006). The district court granted Defendants' motion to dismiss all of her claims except the FLSA overtime compensation claim. That claim proceeded to a jury trial. After the jury determined that Unisys properly classified Harman as an exempt administrative employee under the FLSA and returned a verdict in favor of Unisys, the district court entered judgment in Unisys's favor and Harman timely appealed.

On appeal, Harman asserts that: (i) the district court misconstrued Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), when it granted Unisys's motion to dismiss her Title VII, ADEA and § 1981 claims against it; (ii) this court should overrule Ball v. Memphis Bar-B-Q Co., Inc., 228 F.3d 360, 363-65

(4th Cir. 2000) (holding that the "testimony" clause of the FLSA's retaliation provision only applies to procedures in judicial or administrative tribunals, not informal internal discussions about what testimony might be if a lawsuit were filed), and recognize a FLSA retaliation cause of action based on informal internal complaints; and (iii) the district court abused its discretion when it denied Harman's motion for sanctions against Unisys and its counsel based on the latter's electronic posting of Harman's address and date of birth.[1] Having reviewed Harman's contentions, we affirm in part, and vacate in part and remand for further proceedings.

We find that the magistrate judge[2] did not abuse its discretion when it denied Harman's motion for sanctions. <u>Cf. Chaudhry v. Gallerizzo</u>, 174 F.3d 394, 410 (4th Cir. 1999)

---

[1] We reject Harman's assertion that the district court abused its discretion when it allowed Unisys to file its opposition to Harman's summary judgment motion one day out of time. <u>See</u> Fed. R. Civ. P. 6(b)(2) (allowing a district court to extend filing deadlines if "the failure to act was the result of excusable neglect"); <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs.</u>, 507 U.S. 380, 391-92 (1993) ("Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant.").

[2] The district court designated a magistrate judge to determine pretrial matters in this case, in accordance with 28 U.S.C. § 636(b)(1)(A) (2006).

3

(reviewing the imposition of sanctions pursuant to Fed. R. Civ. P. 11 for abuse of discretion). The record establishes that Defendants' posting of Harman's address and date of birth was a mere oversight, that the information was posted online for less than one week, and that as soon as Harman made Defendants aware of the error, Defendants moved to remedy the error and seal the document. Accordingly, Harman was not entitled to have sanctions imposed upon Defendants.

Second, we decline Harman's invitation to reverse our holding in Ball. Even assuming that Ball bars a FLSA retaliation claim based on an informal internal complaint like the one made by Harman, one panel of this court may not overrule a decision of another panel. See, e.g., Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271-72 n.2 (4th Cir. 2002).

We also reject Harman's contention that the district court erred when it granted Unisys's motion to dismiss her Title VII, ADEA and § 1981 disparate treatment claims. We review de novo a district court's Rule 12(b)(6) dismissal, "focus[ing] only on the legal sufficiency of the complaint." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). While a plaintiff's statement of his claim "need only give the

4

defendant fair notice of what the . . . claim is and the grounds upon which it rests," id. at 93 (citations and internal quotation marks omitted), a complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (internal citation omitted).

Under the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), a complaint must contain only a "short plain statement of the claim showing that the pleader is entitled to relief." Moreover, although the plaintiff need not plead facts that constitute a prima facie case under the framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), in order to survive a motion to dismiss, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), a civil rights plaintiff retains the burden of alleging facts sufficient to state a claim entitling her to relief. See Jordan v. Alternative Res. Corp., 458 F.3d 332, 346-47 (4th Cir. 2006).

Harman's disparate treatment allegations tell a story about her repeated challenges to management's actions and business decisions and summarily assume that with each challenge, "upon information and belief," Unisys believed that a younger, African American or male employee would not have

5

challenged their actions or would have been more easily influenced to abide by their decisions. Such conclusory allegations are insufficient to defeat a motion to dismiss. Twombly, 550 U.S. at 555.

Viewing the complaint in its entirety, see Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) (holding that a court must "consider the complaint in its entirety" when ruling on a Rule 12(b)(6) motion to dismiss), we find that the district court correctly held that Harman's allegations failed to establish that she suffered an adverse employment action sufficient to state a claim for disparate treatment based on her race, age or gender. See Page v. Bolger, 645 F.2d 227, 233 (4th Cir. 1981) (holding that for purposes of a disparate treatment claim, an adverse employment action must be an act that affects hiring, granting leave, promoting and compensating).

We nonetheless find that the district court erred when it granted the motion to dismiss her Title VII, ADEA and § 1981 retaliation claims against Unisys. Assuming Harman's factual allegations are true, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), we cannot conclude, as a matter of law, that Harman failed to allege that she suffered a materially adverse employment action after she complained of discrimination. See Burlington N. & Sante Fe Ry. v. White, 548 U.S. 53, 68 (2006)

6

(holding that to establish an adverse employment action for purposes of a Title VII retaliation claim, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination") (internal quotations and citations omitted).

Harman's complaint is cumbersome and voluminous and contains numerous irrelevant allegations. Moreover, Harman's complaint could have been more succinct and more specific with regard to when some of the challenged actions took place, and which individuals she alleged were her comparators for purposes of her retaliation claims. We nonetheless hold that the district court should have allowed Harman an opportunity to refine her Title VII, ADEA and § 1981 retaliation claims by amending her complaint, rather than dismiss those claims with prejudice. Ostrzenski v. Seigel, 177 F.3d 245, 252-53 (4th Cir. 1999) (recognizing that rather than dismiss a defective pleading with prejudice, a plaintiff should "be given every opportunity to cure a formal defect in his pleading[,] . . . even though the court doubts that plaintiff will be able to overcome the defects"); see also Teachers' Retirement System Of LA v. Hunter, 477 F.3d 162, 170 (4th Cir. 2007) ("[U]nder this scheme of notice pleading and broad discovery, consideration of a motion

7

to dismiss must account for the possibility that a noticed claim could become legally sufficient if the necessary facts were to be developed during discovery.").

Accordingly, we vacate that portion of the district court's order granting Unisys's motion to dismiss Harman's Title VII, ADEA and § 1981 retaliation claims against it, and remand to the district court for further proceedings.[3]  We nonetheless affirm the remainder of the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>

---

[3]  By this disposition, we intimate no view as to the appropriate resolution of Harman's retaliation claims against Unisys.

8