<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 08-8501**

---

SAMUEL ALBRIGHT BROWN, JR.,

       Plaintiff - Appellant,

     v.

NORTH CAROLINA DEPARTMENT OF CORRECTIONS; FNU WINKLER, Officer; FNU SIMMS, Officer; FNU TEAGUE, Officer,

       Defendants - Appellees.

---

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Graham C. Mullen, Senior District Judge. (5:08-cv-00113-GCM)

---

Argued: October 27, 2009        Decided: January 11, 2010

---

Before MICHAEL and GREGORY, Circuit Judges, and Benson E. LEGG, United States District Judge for the District of Maryland, sitting by designation.

---

Vacated and remanded by unpublished opinion. Judge Legg wrote the opinion, in which Judge Michael and Judge Gregory joined.

---

**ARGUED:** Charles Matthew Hill, PUBLIC JUSTICE CENTER, Baltimore, Maryland, for Appellant. James Philip Allen, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees. **ON BRIEF:** Roy Cooper, Attorney General, Raleigh, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

LEGG, District Judge:

Samuel Albright Brown, an inmate incarcerated at the Alexander Correctional Institute ("ACI") in Taylorsville, North Carolina, filed the instant suit under 42 U.S.C. § 1983, alleging that Defendants, Correctional Officers Winkler, Teague, and Simms, and the North Carolina Department of Corrections, violated his rights under the Eighth Amendment of the United States Constitution. Specifically, Brown alleges that Defendants were deliberately indifferent to the serious harm he suffered at the hands of a fellow inmate. The district court, after reviewing the complaint pursuant to 28 U.S.C. § 1915A, dismissed the complaint for failure to state a claim upon which relief may be granted. Because we disagree with the district court's finding that Brown's complaint fails to state a claim upon which relief may be granted, we vacate its dismissal of the case and remand the matter for further proceedings.

I.

Brown's complaint alleges the following facts. On May 9, 2008, an ACI staff member instructed him to enter the "Housing Block" to retrieve a number of cleaning supplies. The staff member gave the instruction despite having knowledge that another inmate in the Housing Block harbored a grudge against Brown. While gathering the cleaning supplies, Brown was

2

assaulted and brutally beaten by that inmate. As a result of that assault, a steel plate was inserted into Brown's jaw and he received "ongoing" medical care for "permanent" injuries.

Brown's complaint further alleges that Officer Simms was in "the Block" when the assault occurred, that Officer Teague observed the assault, and that the "staff officers in question were [n]egligent and placed [Brown] in a dangerous and vulnerable position."

In an administrative grievance form attached to his complaint, Brown specified that Officer Winkler was the staff member who was aware of the other inmate's grudge against Brown but nonetheless sent him to pick up cleaning supplies. The administrative grievance form also alleges that Officer Teague admitted to Brown that he witnessed the assault but chose not to intervene.

The district court dismissed the case pursuant to § 1915A, finding that Brown's complaint failed to state a claim upon which relief may be granted. Brown now appeals the dismissal of his claims against Officers Winkler, Teague, and Simms. He does not appeal, however, the dismissal of his claim against the North Carolina Department of Corrections.

II.

Under § 1915A, district courts are required to review "any complaint in a civil action in which a prisoner seeks redress from a governmental entity." 28 U.S.C. § 1915A(a). In doing so, a court must either "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twobly, 550 U.S. 544, 570 (2007)). In evaluating a complaint, this Court "will construe the factual allegations 'in the light most favorable to the plaintiff.'" Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991) (quoting Battlefield Builders v. Swango, 743 F.2d 1060, 1062 (4th Cir. 1984)). Here, "[l]iberal construction of the pleading is particularly appropriate" because it "is a pro se complaint raising civil rights issues." Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978) (citing Haines v. Kerner, 404 U.S. 519, 521 (1972)). We review de novo dismissals for failure to state a claim. Schatz, 943 F.2d at 489.

4

III.

The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). Not every injury suffered by a prisoner at the hands of another establishes liability against a prison official, however. To make a valid claim under the Eighth Amendment, a prisoner must satisfy two elements. First, "the deprivation alleged must be sufficiently serious." Odom v. S.C. Dep't of Corr., 349 F.3d 765, 770 (4th Cir. 2003) (internal quotation marks and citation omitted). "To demonstrate such an extreme deprivation, a prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions." Id. In this case, it is uncontested that Brown suffered significant physical injuries as a result of the other inmate's attack.

Second, a prisoner must demonstrate that the prison official had a "sufficiently culpable state of mind." Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991). When an inmate makes a challenge under the Eighth Amendment, "the requisite state of mind is one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citation omitted). A prison official demonstrates deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety." Id. In other words, "the test is

whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so." Case v. Ahitow, 301 F.3d 605, 607 (4th Cir. 2002).

Applying that two-pronged test to the instant facts, we hold that the district court erred in dismissing Brown's claims against Officers Winkler, Teague, and Simms.

## A.

The State of North Carolina, representing each of the Defendants, concedes error with respect to the claims against Officers Winkler and Teague. The state acknowledges that the complaint sufficiently alleges that Officer Teague observed the altercation and failed to respond. The state also acknowledges that Brown's administrative grievance form states that Officer Winkler was aware of the other inmate's grudge but still sent Brown into the Housing Block to pick up supplies. We agree that those allegations sufficiently state a claim upon which relief may be granted. As a result, the district court should not have dismissed Brown's claims against Officers Winkler and Teague.

## B.

The State of North Carolina does not concede error with respect to the claim against Officer Simms. The state contends that no reasonable person could infer from the complaint that

6

Officer Simms knew of the assault in time to intervene, yet deliberately and indifferently failed to do so.

We disagree with that reading of the record. Brown's complaint alleges that Officer Simms was in "the Block" when the assault occurred. A reasonable person could infer from that statement that Officer Simms was aware of the attack, and that his failure to intervene represented deliberate indifference to a serious risk of harm.

Similarly, Brown's complaint states that "staff members" were aware of the other inmate's grudge, that the staff members knew there were prior problems between that inmate and Brown, and that they placed Brown "in a [d]angerous and vulnerable position." Because there were only three ACI correction officers designated in the complaint, it is reasonable to assume that Brown was naming Officer Simms when he described the staff members who were deliberately indifferent to the serious harm posed by his fellow inmate. Accordingly, the district court should not have dismissed Brown's claim against Officer Simms.

IV.

Because Brown's complaint alleges facts sufficient to state a plausible claim, we vacate the district court's dismissal under § 1915A and remand the matter for further proceedings.

VACATED AND REMANDED

7