**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JOSEPH M. GIARRATANO,
        *Plaintiff-Appellant,*

v.

GENE JOHNSON, Director of the
Virginia Department of Corrections;
TRACEY S. RAY, Warden of Red
Onion State Prison,
        *Defendants-Appellees.*

No. 06-7890

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
James P. Jones, Chief District Judge.
(2:06-cv-00004-jpj)

Argued: December 6, 2007

Decided: March 25, 2008

Before WILLIAMS, Chief Judge, DUNCAN, Circuit Judge,
and John Preston BAILEY, United States District Judge for the
Northern District of West Virginia, sitting by designation.

Affirmed by published opinion. Judge Bailey wrote the opinion, in
which Chief Judge Williams and Judge Duncan joined.

**COUNSEL**

**ARGUED:** Steven David Rosenfield, Charlottesville, Virginia, for
Appellant. William Eugene Thro, State Solicitor General, OFFICE

OF THE ATTORNEY GENERAL, Richmond, Virginia, for Appellees. **ON BRIEF:** Rebecca K. Glenberg, AMERICAN CIVIL LIBERTIES UNION OF VIRGINIA FOUNDATION, INC., Richmond, Virginia; R. Frazier Solsberry, Charlottesville, Virginia, for Appellant. Robert F. McDonnell, Attorney General, Stephen R. McCullough, Deputy State Solicitor General, William C. Mims, Chief Deputy Attorney General, Marla Graff Decker, Deputy Attorney General, Mark R. Davis, Senior Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Appellees.

---

## OPINION

BAILEY, District Judge:

Joseph M. Giarratano (Giarratano) is a Virginia state prisoner infected by Hepatitis C. Giarratano twice requested, at his own expense, that the Red Onion State Prison, of the Virginia Department of Corrections (VDOC), provide him copies of the prison treatment protocols for inmates with Hepatitis C so that he could make informed decisions about his health and to aid in any litigation arising from VDOC's treatment of his condition. Both times, VDOC denied Giarratano's requests. Additionally, Giarratano attempted to obtain the requested protocols through the Virginia Freedom of Information Act (VFOIA);[1] however, he was denied access because prisoners are specifically excluded from obtaining information under the Act. Giarratano alleges that he has never filed a frivolous request for informa-

---

[1]The prisoner exclusion provision to the VFOIA reads as follows:

> No provision of this chapter or Chapter 21 (§ 30-178 et seq.) of Title 30 shall be construed to afford any rights to any person incarcerated in a state, local or federal correctional facility, whether or not such facility is (i) located in the Commonwealth or (ii) operated pursuant to the Corrections Private Management Act (§ 53.1-261 et seq.). However, this subsection shall not be construed to prevent an incarcerated person from exercising his constitutionally protected rights, including, but not limited to, his rights to call for evidence in his favor in a criminal prosecution.

Va. Code Ann. § 2.2-3703(C).

tion, and he is willing to pay the costs associated with obtaining the protocols.

Giarratano brought his § 1983 action against the director of the Virginia Department of Corrections, Gene Johnson, challenging the constitutionality of the statutory exclusion of prisoners from making requests for public records under VFOIA. In his complaint, Giarrantano raised three claims before the district court, both facial and as-applied challenges to the VFOIA under the Equal Protection and Due Process clauses of the Fourteenth Amendment, as well as an as-applied challenge under the First Amendment.

In dismissing the complaint, the district court ruled that the statutory exclusion of prisoners from making requests for public records under VFOIA was rationally related to a legitimate state interest and that Giarratano's right of access to the courts was not violated. On appeal, Giarratano argues that the VFOIA prisoner exclusion violates the Fourteenth Amendment guarantee of equal protection, and that the court must determine whether prisoners are prone to filing frivolous VFOIA requests at a higher rate than members of the general public. For the reasons stated below, we affirm the judgment of the district court.

I.

VFOIA provides citizens the right of ready access to all public records held by the State and its officers and employees. *See* Va. Code Ann. §§ 2.2-3700 - 3704 (2005). The State may deny access to a public record only by invoking one of the narrowly drawn exemptions enumerated by the statute. To this end, Section 2.2-3703(C) excludes all persons incarcerated in any state, local, or federal correctional facility from enjoying any of the rights afforded under VFOIA to make requests for public records.

Giarratano alleges that the VFOIA prisoner exclusion violates the Fourteenth Amendment guarantee of equal protection under the law, claiming that the court must make a determination in fact whether prisoners are prone to filing frivolous VFOIA requests at a higher rate than members of the general public. Giarratano additionally alleges that, as applied to him, VFOIA's prisoner exclusion violates his right

of access to the courts under the First Amendment and the Due Process Clause of the Fourteenth Amendment. In support of this argument, Giarrantano represents that he has a clean history of never filing frivolous requests.

Giarratano brought suit in the United States District Court for the Western District of Virginia, challenging VFOIA's prisoner exclusion under the Equal Protection and Due Process clauses of the Fourteenth Amendment and under the First Amendment. As in *Fisher v. King*, 232 F.3d 391 (4th Cir. 2000), the district court analyzed the claim as both a facial challenge attacking the constitutionality of the statute[2] in all situations and as an as-applied challenge, which consists of a challenge to the statute's application only to the party before the court.

The district court granted VDOC's motion to dismiss the Giarratano's 42 U.S.C.A. § 1983 claim, which sought to determine whether Virginia's statutory exclusion of prisoners from making FOIA requests is constitutional. *See Giarratano v. Johnson*, 456 F.Supp. 2d 747 (W.D. Va. 2006). The court held that, on its face and as applied to Giarratano's individual request, the prisoner exclusion provision of VFOIA was rationally related to a legitimate state interest.

## II.

On appeal, Giarratano seeks reversal of the district court's Rule 12(b)(6) ruling in favor of the VDOC based upon Giarratano's failure to allege any facts that would indicate his rights had been violated. Specifically, Giarratano argues that although the VFOIA prisoner exclusion had been in place for nearly ten years at the time of final disposition, the VDOC failed to show that prisoners are more prone to filing frivolous VFOIA requests and that he should have been provided an opportunity to prove that prisoners do not make frivolous requests at a higher rate than members of the general public. According to Giarratano, the only evidence relating to Virginia prisoners' VFOIA filings is wholly in the possession of the VDOC and its

---

[2]We do not find it necessary at this time to determine the validity of VFOIA's prisoner exclusion. Because we are reviewing a 12(b)(6) dismissal, we must only evaluate whether Giarratano has stated a plausible claim.

employees; accordingly, Giarratano claims the only way to disprove the exclusion's rationale would derive from the district court's providing him with the opportunity to conduct discovery.

On appeal from an order granting a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), we review *de novo* and focus only on the legal sufficiency of the complaint. In conducting this review, we "take the facts in the light most favorable to the plaintiff," but "we need not accept the legal conclusions drawn from the facts," and "we need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *see also Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). Additionally, the complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (emphasis added).

III.

Our careful review of the record in this case reveals no reversible error. Giarratano's facial challenge to the VFOIA prisoner exclusion rests on its violation of the Fourteenth Amendment's equal protection clause, which states, in relevant part, that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the law." U.S. Const. amend. XIV, § 1. The Clause requires that similarly-situated individuals be treated alike. *City of Cleburne v. Cleburne City Ctr., Inc.*, 473 U.S. 432, 439 (1985).

Under an Equal Protection analysis, courts generally hold that "legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *Id.* at 440. Indeed, upon rational basis review, a classification in a statute such as VFOIA comes before the Court bearing a strong presumption of validity. *See Lyng v. Automobile Workers*, 485 U.S. 360, 370 (1988). In fact, "[l]aws are presumed to be constitutional under the equal protection clause for the simple reason that classification is the very essence of the art of legislation." *Moss v. Clark*, 886 F.2d 686, 689 (4th Cir. 1989)(citing *City of Cleburne*, 473 at 440). As such, the challenged classification need only be rationally

related to a legitimate state interest unless it violates a fundamental right or is drawn upon a suspect classification such as race, religion, or gender. *City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976). However, we do not recognize prisoners as "a suspect class." *Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997). Accordingly, we will review the VFOIA prisoner exclusion under the rational basis standard.

Under this deferential standard, the plaintiff bears the burden "to negate every conceivable basis which might support" the legislation. *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364 (1973); *see Mitchell v. Comm'r of the Soc. Sec. Admin.*, 182 F.3d 272, 274 (4th Cir. 1999). Further, the State has no obligation to produce evidence to support the rationality of the statute, which "may be based on rational speculation unsupported by any evidence or empirical data." *FCC v. Beach Comms., Inc.*, 508 U.S. 307, 315 (1993). Rather, "a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.'" *Dandridge v. Williams*, 397 U.S. 471, 485 (1970). Indeed, "a legislative choice is not subject to courtroom fact-finding," and "equal protection [analysis] is not a license for the courts to judge the wisdom, fairness, or logic of the legislative choices." *FCC v. Beach Comms., Inc.*, 508 U.S. at 313.

A.

In *Wroblewski v. City of Washburn*, 965 F.2d 452 (7th Cir. 1992), the Seventh Circuit, realizing the dilemma created when "the rational basis standard meets the standard applied to a dismissal under Fed. R. Civ. P. 12(b)(6)," *id.* at 459, noted:

> The rational basis standard requires the government to win if any set of facts reasonably may be conceived to justify its classification; the Rule 12(b)(6) standard requires the plaintiff to prevail if "relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 L. Ed. 2d

59, 104 S. Ct. 2229 (1984). The rational basis standard, of course, cannot defeat the plaintiff's benefit of the broad Rule 12(b)(6) standard. The latter standard is procedural, and simply allows the plaintiff to progress beyond the pleadings and obtain discovery, while the rational basis standard is the substantive burden that the plaintiff will ultimately have to meet to prevail on an equal protection claim.

*Id*. at 459-60. The Seventh Circuit resolved the dilemma as follows:

While we therefore must take as true all of the complaint's allegations and reasonable inferences that follow, we apply the resulting 'facts' in the light of the deferential rational basis standard. To survive a motion to dismiss for failure to state a claim, a plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to government classifications.

*Id*. at 460 (emphasis added).[3] In *Wroblewski*, because the complaint's conclusory assertion that the challenged policy was "without rational basis" was "insufficient to overcome the presumption of rationality coupled with the readily apparent justification for the policy," the Seventh Circuit upheld the 12(b)(6) dismissal. *Id*.; *see also Shanks v. Forsyth County Park Authority, Inc.*, 869 F. Supp. 1231 (M.D.N.C. 1994) (applying *Wroblewski* framework to dismiss equal protection challenge).

We find the Seventh Circuit's analysis persuasive and apply it here. Giarratano's complaint alleges that "[t]he exclusion of inmates from the protections of the Freedom of Information Act is not rationally related to any legitimate government interest." This *conclusory* assertion is insufficient to overcome the presumption of rationality that

---

[3]The "plausibility" standard for assessing a Rule 12(b)(6) dismissal in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) is somewhat different than the Rule 12(b)(6) standard in *Hishon v. King & Spalding*, 467 U.S. 69 (1984), that the Seventh Circuit considered in *Wroblewski v. City of Washburn*, 965 F.2d 452 (7th Cir. 1992), but the *Wroblewski* analysis is still relevant because the *Twombly* standard is even more favorable to dismissal of a complaint.

applies to the VFOIA prisoner exclusion.[4] Thus, the district court's dismissal of the facial challenge was appropriate.

The conclusion that dismissal is appropriate comports with *Twombly*, 127 S. Ct. 1955 (2007), which requires pleading "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. In *Twombly*, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id.* at 1964-65, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible."[5] *Id.* at 1974. Here, Giarratano's conclusory allegation about the lack of a rational relationship between VFOIA's prisoner exclusion and any legitimate state interest is insufficient[6] to plausibly state a claim for relief in light of the strong presumption in favor of the legislation's rationality and the readily apparent justification for the legislation.

In holding that Giarratano could not meet his burden, the district court cited a variety of rational reasons for the VFOIA prisoner exclusion.[7] For one, inmates could abuse VFOIA and unduly burden state

---

[4]Giarratano also fails to explain why his attorney could not have retrieved the desired statistics about frivolous VFOIA requests and included the information in his complaint to support his claim.

[5]In *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), a case involving a *pro se* prisoner litigant, the Supreme Court, citing *Twombly*, reiterated that "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." We do not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain "more than labels and conclusions," *Twombly*, 127 S. Ct. at 1965, and need not consider *Erickson* further here.

[6]Although Giarratano's conclusory allegations fail to state a plausible claim, we do not go so far as to foreclose the possibility that another inmate might be able to survive a motion to dismiss a VFOIA challenge.

[7]*See* "Senate Passes Bill to Limit Inmates' FOI Use," *Rich. Times Dispatch*, Jan. 21 1997 at A-10; *see also* "Bill to Ban Handguns in City Park Advances," *Rich. Times Dispatch*, Feb. 18, 1997 at A-6.

resources. Additionally, excluding prisoners could conserve state resources and prevent frivolous requests. *See Leija v. Koselka*, 2007 WL 2950787 (E.D. Mich. October 10, 2007) (upholding the Michigan FOIA prisoner exclusion as rationally related to a legitimate state interest in preventing scarce governmental resources from being squandered by prisoners' frivolous requests for information). Finally, inmates have less need to access public records, due to their exclusion from society and state agencies.

Giarratano, on the other hand, failed to allege any set of facts that would indicate the classification at issue violated any fundamental rights, was irrational, or otherwise failed to serve a legitimate state interest. Simply put, Giarratano has alleged no facts to support a claim - much less a "plausible" claim.

## B.

Next, Giarratano claims that the VFOIA prisoner exclusion violates Equal Protection as applied to his specific VFOIA request. He bases this contention on allegations that he has never filed a frivolous request for information or used a request to harass a government official. Thus, he claims there is no rational basis for denying his request for the protocols.

Viewing these facts in the light most favorable to Giarratano, these conclusory assertions are not enough to state a plausible claim that the exclusion denied Giarratano equal protection because, where some reasonable basis exists, "(such a classification) does not offend the Constitution simply because (it) 'is not made with mathematical nicety or because in practice it results in some inequality.'" *Dandridge v. Williams*, 397 U.S. 471, 485 (1970) (quoting *Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 78 (1911)). We also recognize that the penal system in general dictates most facets of everyday life for prisoners, and greatly limits certain freedoms. *See Johnson v. California*, 543 U.S. 499, 510 (2005) (citing *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987)) ("'Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'") (quoting *Price v. Johnson*, 334 U.S. 266, 285 (1948)).

Accordingly, Giarratano's conclusory assertions are insufficient to plausibly overcome the presumption of rationality that applies to the VFOIA prisoner exclusion. *See Wroblewski*, 965 F.2d at 460. Thus, we find that Giarratano fails to maintain a "plausible" as-applied equal protection claim; rather, the situation in which he finds himself is simply a result of the inequality inherent to such "imperfect" laws. *See Dandridge*, 397 U.S. at 485.

C.

The question of whether Giarratano's rights were violated with respect to his access-to-the-courts claim under the First Amendment and the Due Process Clause of the Fourteenth Amendment has been answered by the Supreme Court. In *Lewis v. Casey*, 518 U.S. 343, 355 (1996), the Court cited the specific tools required to provide access to courts: "those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Further, "[i]mpairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*. In fact, the Supreme Court specifically disclaimed the notion that the right of access to the courts requires "that the State must enable the prisoner to discover grievances, and to litigate effectively once in court." *Id*. at 354. Rather, the right of access affords only "the capability of bringing contemplated challenges to sentences or conditions of confinement." *Id*. at 356. In this case, we find that the prison officials have in no way obstructed the Giarratano's capability to file a suit alleging the inadequate treatment of his hepatitis C.

Finding no facts sufficient to state a claim to relief that is plausible on its face, we affirm the judgment of the district court.

*AFFIRMED*