**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-7918

HAMMEL J. CLARK,

Plaintiff - Appellant,

v.

MARYLAND DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL
SERVICES; PHILIP M. ANDREWS INCORPORATED CORRECTIONAL
MEDICAL SERVICES; ATTORNEY GENERAL'S OFFICE; MARY BROWN;
DIRECTOR OF CORRECTIONAL MEDICAL SERVICES; SERGEANT SAMPSON;
NURSE BROWN; NURSE PARZ; SERGEANT BELL,

Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Roger W. Titus, District Judge. (8:07-
cv-00019-RWT)

Submitted: January 29, 2009          Decided: March 13, 2009

Before TRAXLER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Hammel J. Clark, Appellant Pro Se.  Rex Schultz Gordon, OFFICE
OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland; Philip
Melton Andrews, Katrina J. Dennis, KRAMON & GRAHAM, Baltimore,
Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hammel J. Clark, a Maryland prisoner, filed this 42 U.S.C. § 1983 (2000) action against the Maryland Department of Public Safety and Correctional Services, alleging deliberate indifference to a serious medical need, in violation of the Eighth Amendment. Clark contended he received an electric shock when he plugged in a fan to help ventilate a kitchen area he was instructed to paint. He was rendered unconscious and transported to a local hospital, where he remained for three days. After his discharge from the hospital, Clark allegedly continued to suffer serious health problems. He alleged that the prison medical staff made "little or no effort to address [his] physical pain and suffering," and hampered his rehabilitative efforts.

Clark specifically detailed incidents involving Sergeants Bell and Sampson and Nurses Parz and Brown, two nurses employed at the Maryland House of Corrections. First, Clark alleged that Parz knowingly left him sitting in a wheelchair in his own excrement, informing him that "the next shift would see [him]." Next, Clark contended that Sergeant Bell fired him for failing to report to work while on physician-ordered bed rest. Clark also alleged that on April 3, 2006, he passed out in his cell and hit his head. He reported this injury to Sergeant Sampson, who called the infirmary, and returned to tell Clark

2

that Nurse Parz said Clark should submit a "sick call" slip. Clark further alleged that two days later, Nurse Brown refused to see him when he visited the infirmary about his head injuries.

In his original Complaint, Clark named only the Maryland Department of Public Safety and Correctional Services as a defendant. However, in a subsequent motion Clark sought to add eight additional defendants. The district court added five defendants to the suit: Sergeant Sampson, Nurse Brown, Nurse Parz, Sergeant Bell, and the Director of Correctional Medical Services. The court declined to add the remaining three putative defendants, Secretary Mary Ann Saars, Commissioner of Corrections Frank Sizer, and Warden Williams, because Clark failed to allege their personal involvement in the underlying events.

Determining that the Maryland Department of Public Safety and Correctional Services enjoyed Eleventh Amendment immunity from suit in federal court, the district court granted the Department's motion to dismiss. The district court granted summary judgment for Correctional Medical Services, Inc. ("CMS"), the Director of CMS, and Brown, and dismissed the complaint as to Parz. The court reasoned that, as vicarious liability does not provide a basis for § 1983 actions, CMS was not liable, and Brown, Parz, and the Director of CMS had not

3

acted with deliberate indifference to Clark's medical needs. Further, as Clark failed to effect service upon Parz, the action against her was dismissed on this basis.

The district court also granted summary judgment for Bell and Sampson. Regarding Bell, the district court found that, as prisoners do not have a constitutionally protected right to work while incarcerated, termination from a prison job does not constitute an Eighth Amendment violation. Next, as "Sampson did not observe any visible injury to [Clark] and saw [Clark] communicate clearly with no sign of distress," he did not act with indifference to a serious medical need of Clark's. Clark appeals, and we affirm.[1]

Clark first challenges the district court's dismissal of his action against the Maryland Department of Public Safety and Correctional Services and the individual administrators of the prison, and its grant of summary judgment for CMS.

We review de novo a district court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6). <u>Giarratano v. Johnson</u>, 521 F.3d 298, 302 (4th Cir. 2008). "[W]hen ruling on a

---

[1] In his informal brief, Clark contends that Appellee Bell was incorrectly added as a defendant, as she is a female, and the guard who allegedly wronged him was a male. Thus, Clark does not appeal the grant of summary judgment to Appellee Bell, and any issues raised in Clark's appeal with regard to the "male" Bell are not properly before us because that individual is not a party to this action.

defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, ____; 127 S. Ct. 2197, 2200 (2007). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, ____, ____; 127 S. Ct. 1955, 1965, 1974 (2007).

We review an award of summary judgment de novo, drawing reasonable inferences in the light most favorable to the non-moving party. Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 283 (4th Cir. 2004). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Eleventh Amendment immunizes states from suits brought in federal court, absent waiver from the state or a clear congressional exercise of its power under the Fourteenth Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). Though the Supreme Court has found that municipalities are "persons" amenable to suit under § 1983, see

5

<u>Monell v. New York City Dep't of Social Services</u>, 436 U.S. 658, 690 (1978), state departments and agencies considered to be "arm[s] of the state" are not, <u>Mt. Healthy City School Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 280 (1977). As the Maryland Department of Public Safety and Correctional Services is undoubtedly an arm of the state for purposes of § 1983, <u>see</u> <u>id.</u> at 280-81, the district court did not err in finding it immune from a suit under § 1983.

Similarly, the district court did not err in declining Clark's effort to add as defendants three representatives of the state prison administration: Secretary Mary Ann Saar, Commissioner of Corrections Frank Sizer, and Warden Williams. To the extent that Clark sought to add these individuals in their official capacities, they are afforded immunity by the Eleventh Amendment. <u>See</u> <u>Will</u>, 491 U.S. at 71. Alternatively, because there is no doctrine of respondeat superior in § 1983 claims, <u>see</u> <u>Monell</u>, 436 U.S. at 691-94, these administrators are liable in their individual capacities only for their personal wrongdoing or supervisory actions that violated constitutional norms. <u>Shaw v. Stroud</u>, 13 F.3d 791, 799 (4th Cir. 1994). As Clark failed to allege facts sufficient to demonstrate any personal or supervisory wrongdoing by the administrators, we find that the district court did not err in declining to add them as name defendants.

The district court likewise did not err in its resolution of Clark's claim against CMS. As previously noted, principles of respondeat superior have no application to § 1983 actions. See Monell, 436 U.S. at 691-94. Though Monell involved governmental entities, this court has found this rule equally applicable to private corporations. See Rodriguez v. Smithfield Packing Co., 338 F.3d 348, 355 (4th Cir. 2003). Because Clark failed to allege any specific wrongful action on the part of CMS, the district court did not err in granting summary judgment for CMS.

We next address the district court's grant of summary judgment for Sampson. For a prison inmate to prevail on a claim of deliberate indifference to a serious medical need, the prisoner must demonstrate that the injury suffered is both apparent and serious. Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). A plaintiff "must also show the subjective component – deliberate indifference. An officer is deliberately indifferent only when he 'knows of and disregards' the risk posed by the serious medical needs of the inmate." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Here, it is clear that Clark failed to demonstrate Sampson's deliberate indifference to Clark's serious medical need. First, the record does not reflect any sufficiently

7

serious medical condition suffered by Clark at the time of Sampson's alleged indifference. As noted by the district court, Sampson did not notice any visible injury to Clark, and observed that Clark was able to communicate clearly with no outward sign of distress. An examination conducted the next day by medical personnel lent further support to this conclusion, as it failed to reveal any sign of injury.

Despite this lack of visible injury, Sampson took Clark at his word and called the infirmary to report Clark's alleged injury. Nurse Parz, who was on duty, informed Sampson that Clark should submit a sick call slip in order to be seen at the infirmary. Sampson returned to Clark, relayed the nurse's information, and again observed no sign of injury, distress, or discomfort. Accordingly, we find that Clark failed to allege facts sufficient to demonstrate Sampson's deliberate indifference to a serious medical condition.

Next, we turn to the district court's grant of summary judgment for Brown. Clark alleged that Brown refused to examine him two days after he fell and hit his head. Even accepting this as true, the allegation alone fails to support a claim of deliberate indifference. The day after his fall, Clark was evaluated by prison medical staff, who found no evidence of injury. Thus, even if Clark was injured by his fall, the injury

8

was not sufficiently apparent to support an action for deliberate indifference.  See Grayson, 195 F.3d at 695.

Clark detailed only two incidents specifically involving Nurse Parz in his complaint:  she did not immediately see him after he allegedly fell and struck his head, and she did not clean him up after he defecated on himself.  Clark failed to demonstrate deliberate indifference to serious medical need by Nurse Parz, as the complaint failed to allege a sufficiently serious medical condition at the time of Parz's alleged indifference.  Similarly, leaving Clark sitting in his own waste, though offensive, does not amount to deliberate indifference to a serious medical need.[2]

Accordingly, we deny Clark's motion for adequate medical care and affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2] Though a prisoner's exposure to human waste may give rise to an Eighth Amendment claim, see, e.g., DeSpain v. Uphoff, 264 F.3d 965, 974-75 (10th Cir. 2001) (listing cases where exposure to human waste violated Eighth Amendment), this was not the theory relied on by Clark in his complaint before the district court.  As Clark raises this argument for the first time on appeal, it is not properly before this court.  See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993).