**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1637**

DOUGLAS P. BROWN,

       Plaintiff - Appellant,

    v.

RECTORS AND VISITORS OF THE UNIVERSITY OF VIRGINIA; JAMES A.
MARSHALL,

       Defendants – Appellees.

Appeal from the United States District Court for the Western
District of Virginia, at Charlottesville.   Norman K. Moon,
District Judge.  (3:07-cv-00030-nkm-bwc)

Submitted: August 26, 2009     Decided: January 19, 2010

Before NIEMEYER, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Paul Erik Wilke, Charlottesville, Virginia, for Appellant.
Richard C. Kast, Special Assistant Attorney General,
Charlottesville, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Douglas Brown appeals the district court's order granting the Defendants' motion to dismiss his complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Brown raised claims of violation of due process and breach of contract arising from his removal from a graduate program in chemistry at the University of Virginia. The district court found that Brown failed to plead a violation of his due process rights or a breach of contract claim, and that Defendant James Marshall is entitled to qualified immunity. For the reasons stated below, we affirm.

I Due Process

Brown first argues that the district court erroneously found that he was entitled to only minimal process because he was removed from the program for academic reasons, rather than disciplinary reasons. Under the Fourteenth Amendment, no state "shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Generally, a due process claim requires a two-part analysis: "whether [the claimant] was deprived of a protected interest, and, if so, what process was his due." Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982). In the context of claims against institutions of higher learning, the Supreme Court has assumed

2

without deciding that students have a protected property right in continued enrollment. See Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 222-23 (1985) (assuming the existence of a protected property interest in student's continued enrollment); Bd. of Curators, Univ. of Mo. v. Horowitz, 435 U.S. 78, 84-85 (1978) (assuming existence of dismissed student's liberty or property interests); see also Tigrett v. Rector & Visitors of the Univ. of Va., 290 F.3d 620, 627 (4th Cir. 2002) (noting assumption).

When determining what type of procedural safeguards are required in the educational setting, courts have consistently drawn a distinction between academic and disciplinary dismissals. Horowitz, 435 U.S. at 87. When a school takes serious disciplinary action against a student, generally the student must be offered notice and an opportunity to be heard. Goss v. Lopez, 419 U.S. 565, 579 (1975). Procedural requirements are greatly reduced, however, when a student is dismissed for academic, as opposed to disciplinary, reasons. Horowitz, 435 U.S. at 87-88. "[D]isciplinary proceedings require more stringent procedural protection than academic evaluations, even though the effects of an adverse decision on the student may be the same." Henson v. Honor Comm. of Univ. of Va., 719 F.2d 69, 74 (4th Cir. 1983).

The district court did not err in finding that Brown was dismissed for academic reasons, rather than disciplinary reasons. Although Brown's complaint suggests that he was removed for his failure to abide by the Defendants' interpretation of the graduate program's rules and regulations, rather than as a direct result of his failing the Ph.D. candidacy exam, the complaint also indicates that the decision to remove him was based upon his failure to complete his M.S. degree thesis within the required time limits following his failure on the candidacy exam. The Graduate Studies Committee, which Marshall heads, interpreted its rules governing academic standards for timely completion of the graduate program's requirements, rather than disciplinary rules governing student conduct, to find that Brown was no longer eligible to remain in the program. Because Brown was removed for academic reasons, rather than disciplinary reasons, the district court properly found that the removal decision was entitled to heightened deference and subject to greatly reduced procedural requirements.

## II Qualified Immunity

Brown next contends that the district court engaged in improper fact-finding that contradicted the allegations in his complaint when it found that the notice and hearing process he

received in January 2004 was relevant to his ultimate removal from the program in 2006, resulting in an improper finding that Marshall was entitled to qualified immunity.

We review de novo a district court's Rule 12(b)(6) dismissal, "focus[ing] only on the legal sufficiency of the complaint." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the pleading must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 1950.

Qualified immunity protects government officials performing discretionary functions from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  The court must "determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all," and, if so, "whether that right was clearly established at the time of the alleged violation."  Conn v. Gabbert, 526 U.S. 286, 290 (1999). For a right to be clearly established, "its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."  Hope v. Pelzer, 536 U.S. 730, 739 (2002) (internal quotation omitted).

The district court did not engage in improper fact-finding in determining that Marshall was entitled to qualified immunity.  The allegations in Brown's complaint describe the hearing process that was afforded him in January 2004, after he was first informed that he was not in compliance with the requirements for remaining in the graduate program.  Although the complaint states in a conclusory fashion that Brown was not afforded notice or a hearing prior to his removal from the program in 2006, the district court was not required to accept as true this statement that merely described a legal element of

6

the cause of action. Because Brown's complaint did not state any purported reason for his removal from the program that did not relate to his failure to complete his M.S. thesis in a timely fashion, the court did not err in finding that the process Brown was afforded in 2004 related to his ultimate removal in 2006. Accordingly, the court did not err in finding that any minimal violation of his due process rights that might have occurred did not violate a right that was clearly established, and that Marshall was entitled to qualified immunity.

### III Breach of Contract

Brown also argues that the district court erred in finding that the Graduate Student Handbook referenced in the complaint did not constitute a contract between himself and UVA as a matter of law. The district court did not err because Brown's complaint contained only conclusory allegations that the Graduate Student Handbook constituted a contract between himself and UVA, and that assertion was unsupported by the terms of the Handbook and expressly contradicted by the Graduate Record incorporated therein.

For the foregoing reasons, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED