**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-2038**

WILLIAM K. STONE,

Plaintiff – Appellant,

v.

HVM, L.L.C., d/b/a Extended Stay America,

Defendant – Appellee,

and

TRAVELOCITY.COM L.P.; SABRE, INCORPORATED,

Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Robert G. Doumar, Senior District Judge. (4:09-cv-00072-RGD-JEB)

Submitted: December 13, 2010      Decided: January 5, 2011

Before WILKINSON, NIEMEYER, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gerald Glenn Poindexter, POINDEXTER & POINDEXTER, Surry, Virginia, for Appellant. William B. Tiller, Kelly B. Martin, TILLER LAW GROUP, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William K. Stone appeals the district court's dismissal of his personal injury action against HVM, L.L.C., pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to file his complaint within the applicable statute of limitations. Finding no reversible error, we affirm.

In Virginia, "every action for personal injuries, whatever the theory of recovery, . . . shall be brought within two years after the cause of action accrues." Va. Code Ann. § 8.01-243(A) (2007 & Supp. 2010). The following elements must be present before a cause of action accrues: "(1) a legal obligation of a defendant to the plaintiff, (2) a violation or breach of that duty or right, and (3) harm or damage to the plaintiff as a proximate consequence of the violation or breach." Locke v. Johns-Manville Corp., 275 S.E.2d 900, 904 (Va. 1981). Additionally, a cause of action accrues "from the date the injury is sustained . . . and not when the resulting damage is discovered," Va. Code Ann. § 8.01-230 (2007), even if the initial injury is slight or additional damage occurs later. McHenry v. Adams, 448 S.E.2d 390, 393 (Va. 1994); see Brown v. Am. Broadcasting Co., Inc., 704 F.2d 1296, 1300 (4th Cir. 1983) ("Once a cause of action is complete and the statute of limitations begins to run, it runs against all damages resulting

2

from the wrongful act, even damages which may not arise until a future date."). Upon review, we conclude that Stone's cause of action against HVM accrued more than two years prior to the filing of his personal injury action. See Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (stating standard of review for Rule 12(b)(6) dismissal); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc) (stating that Rule 12(b)(6) dismissal of complaint as time-barred proper where "all facts necessary to the affirmative defense clearly appear[] *on the face of the complaint*"). Therefore, the district court correctly found that Stone's complaint was time-barred.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3