**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1846**

DAWN K. CLARK, On behalf of herself and others similarly situated; ELIZABETH TIEDEMANN, On behalf of herself and others similarly situated,

Plaintiffs – Appellants,

v.

HUMANE SOCIETY OF CARROLL COUNTY, INCORPORATED, A Maryland non-Stock Corporation; BOARD OF COMMISSIONERS OF CARROLL COUNTY, MARYLAND, A Maryland Body Politic; CAROLYN NICKY RATCLIFF, Director, Humane Society of Carroll County, Inc., In her individual capacity; G. MICHAEL KEINER, Officer, Humane Society of Carroll County, Inc., In his individual capacity; BRIAN RUPP, Chief of Officers, Humane Society of Carroll County, Inc., In his individual capacity; MARK MILLER, Officer, Humane Society of Carroll County, Inc., In his individual capacity; KAREN BAKER, Officer, Humane Society of Carroll County, Inc., In her individual capacity,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William M. Nickerson, Senior District Judge.  (1:11-cv-00108-WMN)

Submitted:  February 16, 2012            Decided:  March 1, 2012

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven L. Tiedemann, Columbia, Maryland, for Appellants. Kevin Karpinski, E.I. Cornbrooks, IV, KARPINSKI, COLARESI & KARP, P.A., Baltimore, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dawn K. Clark and Elizabeth Tiedemann appeal the district court's order granting Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss their 42 U.S.C. § 1983 (2006) civil rights action. Appellants argue on appeal that the court erred in dismissing their claims for violations of the Fourth, Sixth, and Fourteenth Amendments resulting from the assessment against them of fines in notices of violations issued pursuant to section 81-16(B) of the Code of Carroll County, Maryland. We affirm.

We review de novo a district court's Rule 12(b)(6) dismissal, "focus[ing] only on the legal sufficiency of the complaint." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To survive a motion to dismiss, a complaint must state "a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1950 (2009).

Upon review of Appellants' briefs, we conclude that they fail to present their arguments that the district court erred in dismissing their claims alleging violations of the Fourth and Sixth Amendments in accordance with Fed. R. App. P. 28(a)(9)(A) ("[T]he [appellant's] argument . . . must contain . . . appellant's contentions and the reasons for them,

3

with citations to the authorities and parts of the record on which the appellant relies."). Accordingly, we deem these arguments waived. Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 607 (4th Cir. 2009).

Appellants also argue that the district court erred in dismissing their challenge on Fourteenth Amendment grounds to the propriety of the process afforded to them to challenge the fines assessed in the notices of violation. We conclude after review of the record that this claim was properly dismissed because Appellants lack standing to raise it. See Heckler v. Mathews, 465 U.S. 728, 738 (1984); Star Scientific, Inc. v. Beales, 278 F.3d 339, 358 (4th Cir. 2002).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED