**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1397**

JEANIE GONZALEZ,

             Plaintiff – Appellant,

       and

MARCUS GONZALEZ,

             Plaintiff,

          v.

BENEFICIAL MORTGAGE COMPANY OF VIRGINIA, a Business Entity, form unknown; HSBC FINANCE CORPORATION, d/b/a Beneficial Mortgage Company of Virginia,

             Defendants – Appellees,

       and

INTEGRATED REAL ESTATE PROCESSING, a Business Entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, a Business Entity, form unknown; DOES 1-100, inclusive,

             Defendants.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  James C. Turk, Senior District Judge.  (7:10-cv-00235-JCT)

Submitted:  March 2, 2012            Decided:  April 5, 2012

Before MOTZ, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Henry W. McLaughlin, III, LAW OFFICE OF HENRY MCLAUGHLIN, P.C., Richmond, Virginia, for Appellant. George E. Kostel, NELSON MULLINS RILEY & SCARBOROUGH, LLP, Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeanie Gonzalez appeals the district court's order granting Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss her civil action seeking rescission of a secured consumer credit transaction under the Truth in Lending Act ("TILA"), 15 U.S.C.A. §§ 1601-1667f (West 2009 & Supp. 2011). Gonzalez argues on appeal that she adequately pled TILA violations with respect to a credit transaction in which Defendants required her to sign an agreement containing an arbitration clause and failed to disclose as a finance charge a $928.40 charge for title insurance. We affirm.

We review de novo the district court's Rule 12(b)(6) dismissal for failure to state a claim. Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). In this regard, we accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). While a plaintiff's statement of her claim "need only give the defendant fair notice of what the claim is and the grounds upon which it rests," id. at 93 (internal quotation marks and ellipsis omitted), a complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based on "its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1950 (2009).

3

After review of the record and the parties' briefs, we conclude that the district court properly dismissed Gonzalez' amended complaint. Gonzalez failed to state a plausible claim for relief under the TILA because, under an objective reading, the agreement containing the arbitration clause did not render unclear or not conspicuous the disclosure of Gonzalez' right to rescind the credit transaction. Further, because the $928.40 charge for title insurance was not imposed in violation of Virginia law, Gonzalez' claim that the charge was not bona fide and therefore improperly excluded from the listed finance charges is without merit.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4