**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1976**

SALLY R. ROGERS,

                Plaintiff - Appellant,

        v.

BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY; PRINCE
GEORGE'S COUNTY EDUCATOR'S ASSOCIATION,

                Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Peter J. Messitte, Senior District
Judge.  (8:11-cv-01194-PJM)

Submitted:  January 30, 2013        Decided:  February 1, 2013

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sally R. Rogers, Appellant Pro Se.  Robert Judah Baror, Linda
Hitt  Thatcher,  THATCHER  LAW  FIRM,  Greenbelt,  Maryland;
Christopher Mark Feldenzer, Jeffrey Elliot Rockman, SEROTTE
ROCKMAN AND WESTCOTT, PA, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sally R. Rogers appeals from the district court's order dismissing her complaint for failing to state a claim. Rogers sued the Board of Education of Prince George's County because she believed that she was the victim of a hostile work environment because of her race. She also claimed that the Prince George's County Educator's Association, her union, acted in a discriminatory manner when she attempted to file a grievance. We affirm.

This court reviews de novo a district court's order granting a defendant's motion to dismiss for failure to state a claim. McCorkle v. Bank of Am. Corp., 688 F.3d 164, 171 (4th Cir. 2012), petition for cert. filed (Dec. 4, 2012) (No. 12-700). When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the district court "focus[es] only on the legal sufficiency of the complaint." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). In doing so, the court "must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court does not have to accept the plaintiff's legal conclusions based on the facts or accept as true unwarranted inferences, unreasonable conclusions or arguments. Giarratano, 521 F.3d at 302. While a plaintiff's complaint need only give fair notice of the claim, Erickson, 551 U.S. at 93, a complaint may survive

2

a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

To establish a prima facie case for a hostile work environment claim, Rogers must show that the offending conduct was: (1) unwelcome; (2) based on her race; (3) sufficiently severe or pervasive to alter the conditions of her employment and create an abusive atmosphere; and (4) imputable to the defendant. EEOC v. Central Wholesalers, Inc., 573 F.3d 167, 175 (4th Cir. 2009). Rogers must also show that she subjectively perceived the workplace environment as hostile and that it would be objectively perceived as hostile or abusive. Harris v. Forklift Sys., Inc., 510 U.S. 17, 21-22 (1993).

We have reviewed the amended complaint and conclude that Rogers failed to state a plausible claim for relief. Rogers failed to sufficiently allege that the offending conduct was based on her race and sufficiently severe or pervasive. Accordingly, we affirm on the reasoning of the district court. See Rogers v. Board of Educ. of Prince George's Cnty., No. 8:11-cv-01194-PJM (D. Md. July 27, 2012). We deny Rogers' motion to appoint counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the

3

materials before this court and argument would not aid the decisional process.

AFFIRMED
