**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1063

PENNY BROWNING,

        Plaintiff - Appellant,

    v.

UNITED STATES OF AMERICA,

        Defendant - Appellee.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Irene C. Berger, District Judge. (5:13-cv-21980)

Submitted: September 18, 2014      Decided: October 8, 2014

Before DUNCAN, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sprague W. Hazard, Rachel J. Goldfarb, THE BELL LAW FIRM, PLLC, Charleston, West Virginia, for Appellant. Stuart F. Delery, Assistant Attorney General, James G. Touhey, Jr., Director, Torts Branch, Kirsten L. Wilkerson, Assistant Director, Torts Branch, John A. Woodcock, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Penny Browning appeals the district court's order granting the United States' motion to dismiss her complaint brought under the Federal Tort Claims Act ("FTCA") as time barred under 28 U.S.C. § 2401(b) (2012). We affirm.

We review a district court's order granting a motion to dismiss de novo. Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). A tort claim against the United States will be barred unless the claim is presented to the appropriate federal agency within two years after the claim accrues. 28 U.S.C. § 2401(b). "This time limitation is jurisdictional and nonwaivable." Gould v. United States Dep't of Health & Human Servs., 905 F.2d 738, 741 (4th Cir. 1990). If the plaintiff files a civil action against the wrong defendant, under 28 U.S.C. § 2679(d)(5) (2012), an administrative claim filed after the federal government has been substituted as the proper party "shall be deemed to be timely presented . . . if . . . the claim would have been timely [under the FTCA's two-year statute of limitations] had it been filed on the date the underlying civil action was commenced."

We agree with the district court that Browning commenced her civil action in state court against the wrong defendants more than two years after her cause of action

2

accrued. Thus, the court properly found that her complaint was barred by the two-year statute of limitations.

Browning has raised several new issues in an attempt to circumvent application of the two-year limitations period. She claims that (1) the district court erred by setting an arbitrary accrual date without taking into account the discovery rule; (2) the district court should have sua sponte considered whether the limitations period is equitably tolled because Browning was diligent in pursuing her claim; and (3) the limitations period should have been equitably tolled because of the difficulty in ascertaining that the individual defendants Browning sued in state court were federal employees.

"'[I]ssues raised for the first time on appeal generally will not be considered' except in the narrowest of circumstances, where, for example, plain error or a fundamental miscarriage of justice would otherwise result." United States v. Am. Target Adver., Inc., 257 F.3d 348, 351 (4th Cir. 2001) (quoting Karpel v. Inova Health Sys. Servs., 134 F.3d 1222, 1227 (4th Cir. 1998)). We have reviewed Browning's contentions and conclude that such circumstances do not exist here.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED