**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1551**

RORY L. WALLACE,

            Plaintiff - Appellant,

      v.

THE STATE OF MARYLAND; PETER FRANCHOT, Comptroller, The
State of Maryland Office of Comptroller; STEVE BARZAL,
Director, Office of Personnel Services Office Comptroller;
JOHN AND JANE DOE 1-99; XYZ CORPORATIONS 1-10, County or
Government entities and their supervisors, agents and
employees,

            Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Catherine C. Blake, Chief District
Judge.  (1:14-cv-00276-CCB)

Submitted:  October 14, 2014          Decided:  October 22, 2014

Before NIEMEYER and KING, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Rory L. Wallace, Appellant Pro Se.  Brian L. Oliner, OFFICE OF
THE ATTORNEY GENERAL OF MARYLAND, Annapolis, Maryland, for
Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rory L. Wallace appeals from the district court's order granting Defendants' Fed. R. Civ. P. 12(b)(6) motion and dismissing her civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2012) ("Title VII"), and Md. Code Ann., State Gov't § 20-606(a) (LexisNexis Supp. 2014), for failure to state a claim upon which relief can be granted. We affirm.

We review a district court's dismissal of a complaint for failure to state a claim de novo, "focus[ing] only on the legal sufficiency of the complaint." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). In determining whether the district court's dismissal was proper, we "accept[] as true all of the well-pleaded allegations and view[] the complaint in the light most favorable to the non-moving party." LeSueur Richmond Slate Corp. v. Fehrer, 666 F.3d 261, 264 (4th Cir. 2012). We then determine whether a "plausible claim for relief" has been made. Ashcroft v. Iqbal, 556 U.S. 662, 677-80 (2009). This plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate she has stated a claim that makes it plausible she is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

We have reviewed the record and find no reversible error in the district court's dismissal decision.* Wallace's complaint does not articulate facts that, when accepted as true, demonstrate she has stated plausible claims for relief under Title VII and Maryland law for discrimination based on race and under Title VII for a hostile work environment based on race and retaliation. See Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Holland v. Wash. Homes, Inc., 487 F.3d 208, 218-19 (4th Cir. 2007); Price v. Thompson, 380 F.3d 209, 213 (4th Cir. 2004); Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 959-60 (4th Cir. 1996); Dobkin v. Univ. of Baltimore Sch. of Law, 63 A.3d 692, 699-700 (Md. Ct. Spec. App. 2013). Accordingly, we affirm the district court's order. Wallace v. Maryland, No. 1:14-cv-00276-CCB (D. Md. May 23, 2014).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

* We reject as unsupported by the record Wallace's assertion on appeal that the district court treated Defendants' motion to dismiss her action as a motion for summary judgment.

3