**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 14-2152

_____

CHELSEA ELIZABETH GREENE,

             Plaintiff - Appellant,

      v.

UNITED STATES DEPARTMENT OF JUSTICE,

             Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Fox, Senior
District Judge.  (5:14-cv-00246-F)

_____

Submitted:  May 29, 2015              Decided:  June 12, 2015

_____

Before GREGORY and HARRIS, Circuit Judges, and DAVIS, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Christopher J. Anglin, Raleigh, North Carolina, for Appellant.
Thomas G. Walker, United States Attorney, R.A. Renfer, Jr.,
Matthew L. Fesak, Assistant United States Attorneys, Raleigh,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chelsea Elizabeth Greene appeals the district court's order dismissing her Federal Tort Claims Act ("FTCA") claim for lack of jurisdiction and for failure to state a claim upon which relief can be granted. On appeal, Greene only raises arguments concerning the Department of Justice's ("DOJ") failure to prosecute and intervene in a qui tam action against her former employer, Omni Visions, Inc. ("Omni"). See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (failing to raise an argument in the opening brief constitutes abandonment of that argument). For the reasons stated herein, we affirm.

In her complaint, Greene alleged that, while employed at Omni, she witnessed her employer fraudulently billing Medicaid. In 2007, Greene filed a False Claims Act claim against Omni (the "qui tam action"). On August 29, 2007, the Government filed notice declining intervention in the qui tam action. Greene then voluntarily dismissed her action. As a result of her participation in the qui tam action, Greene alleged Omni and subsequent employers terminated her. The latest adverse employment action cited by Greene appears to have occurred, at the latest, at the end of 2008. Greene filed her administrative claim with the DOJ in September 2012.

We conduct a de novo review of the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(1), (6). Taylor v. Kellogg

2

_Brown & Root Servs., Inc._, 658 F.3d 402, 408 (4th Cir. 2011); _Giarratano v. Johnson_, 521 F.3d 298, 302 (4th Cir. 2008). To bring a claim under the FTCA, a plaintiff must first "present an administrative claim to an appropriate federal agency within two years of the date the cause of action accrues." _Muth v. United States_, 1 F.3d 246, 249 (4th Cir. 1993). The plaintiff's "cause of action accrues when the plaintiff knows, or in the exercise of due diligence, should have known, first, of the existence of the injury, and second, of the cause thereof." _Id._ Plaintiff's administrative claim was first brought in September 2012, and thus her claim is beyond the two-year limitations period.

Greene, however, argues that the DOJ's conduct constitutes a continuing violation, thus rendering her claim timely. To establish a continuing violation, a plaintiff must establish that the "'illegal act was a fixed and continuing practice.'" _A Soc'y Without A Name v. Virginia_, 655 F.3d 342, 348 (4th Cir. 2011) (quoting _Nat'l Adver. Co. v. City of Raleigh_, 947 F.2d 1158, 1166 (4th Cir. 1991)). "A continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." _Nat'l Adver. Co._, 947 F.2d at 1166 (internal quotation marks omitted). Here, there is one discrete act that is alleged to be unlawful: the DOJ's failure to prosecute or intervene in Greene's qui tam action. This is not a series of separate acts. _A Soc'y Without A Name_, 655 F.3d at

3

348. Thus, even though Greene may have suffered, and may continue to suffer, harm after the DOJ opted not to intervene in her qui tam action, she alleges but one unlawful act. Thus, any claim accrued, if at all, when the DOJ opted not to intervene in the qui tam action, and Greene's current claim is untimely.[*]

Therefore, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[*] We have considered <u>United States v. Kwai Fun Wong</u>, 135 S. Ct. 1625, 1632-33 (2015), decided after the conclusion of briefing, but it does not change our decision.