**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-1061**
_____

RONALD W. STARLEPER; CONSTANCE M. STARLEPER,

        Plaintiffs - Appellants,

      v.

MERCANTILE MORTGAGE, LLC; WELLS FARGO BANK, N.A.; WELLS FARGO HOME MORTGAGE, INC.; FEDERAL NATIONAL MORTGAGE ASSOCIATION,

        Defendants - Appellees.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:15-cv-02402-JFM)

_____

Submitted: September 9, 2016     Decided: September 29, 2016

_____

Before NIEMEYER, THACKER, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Ronald W. Starleper, Constance M. Starleper, Appellants Pro Se. Virginia Wood Barnhart, Justin E. Fine, Sarah E. Meyer, Douglas Brooks Riley, TREANOR, POPE & HUGHES, PA, Towson, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald and Constance Starleper appeal the district court's orders dismissing their complaint for failure to state a claim and denying reconsideration. We affirm the district court's orders.

We review de novo a district court's dismissal of an action under Fed. R. Civ. P. 12(b)(6), accepting factual allegations in the complaint as true and "draw[ing] all reasonable inferences in favor of the [nonmoving party]." Kensington Volunteer Fire Dep't v. Montgomery Cty., 684 F.3d 462, 467 (4th Cir. 2012) (internal quotation marks omitted). To survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and sufficient "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

Confining our review to the issues raised in Appellants' opening brief, see 4th Cir. R. 34(b), we discern no error in the district court's orders. While a district court must liberally construe a pro se complaint, Erickson v. Pardus, 551 U.S. 89, 94 (2007), this does not excuse the Starlepers from meeting the required pleading standards. See Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (concluding that "Erickson [did not] undermine Twombly's requirement that a pleading

2

contain more than labels and conclusions" (internal quotation marks omitted)).  The Starlepers' contention that their mortgage is defective because the deed of trust and mortgage note were assigned separately "is not[] the law."  See Horvath v. Bank of N.Y., N.A., 641 F.3d 617, 624 (4th Cir. 2011); Svrcek v. Rosenberg, 40 A.3d 494, 507 (Md. Ct. Spec. App. 2013).  Moreover, to the extent that the Starlepers challenge Appellees' failure to identify "Fannie Mae REMIC Trust 2010-122," the Starlepers have waived appellate review of this claim by failing to raise it before the district court.  See In re Under Seal, 749 F.3d 276, 285, 292 (4th Cir. 2014).

Accordingly, we affirm the district court's orders.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.


AFFIRMED