Christina G. HOOD, Plaintiff,

v.

**SUFFOLK CITY SCHOOL BOARD, and Deran R. Whitney, Interim Superintendent, Suffolk Public Schools, Defendants.**

Civil Action No. 2:10cv500.

United States District Court,
E.D. Virginia,
Norfolk Division.

Dec. 15, 2010.

David Sanburg Bailey, The Environmental Law Group PLLC, Richmond, VA, for Plaintiff.

Wendell Myron Waller, Suffolk Public Schools Office of the School Board Attorney, Suffolk, VA, for Defendants.

### *MEMORANDUM OPINION AND ORDER*

RAYMOND A. JACKSON, District Judge.

Before the Court is Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). Having carefully considered the parties' pleadings, this matter is now ripe for judicial determination. For the reasons set out below, the Court **GRANTS** Defendants' Motion to Dismiss.

### I. FACTS & PROCEDURAL HISTORY

Christina G. Hood ("Plaintiff") filed a state court action for personal injury and damages against Defendants, Suffolk City School Board and Mr. Deran R. Whitney, for violation of her Fourteenth Amend-

ment Due Process rights. The case was removed to the United States District Court for the Eastern District of Virginia on October 8, 2010. On October 22, 2010, Plaintiff filed an Amended Complaint, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) alleging that Defendants violated her liberty interest in bodily integrity and rights of due process under the Constitution and 42 U.S.C. § 1983 ("Section 1983") for deliberately exposing her to dangerous and harmful conditions in the Booker T. Washington Elementary School ("School"). Am. Compl. ¶ 1. On October 27, 2010, Defendants filed a Motion to Dismiss the Amended Complaint and supporting brief alleging that Plaintiff failed to state a claim upon which relief can be granted. Defs.' Br. Mot. Dismiss at 2. Defendants posit that Plaintiff has not pled a cause of action cognizable under the Fourteenth Amendment Due Process Clause, and consequently, should not receive relief under Section 1983. *Id.* Plaintiff responded with a Memorandum in Opposition on November 5, 2010. Defendants filed their rebuttal brief on November 11, 2010.

Plaintiff was employed as a teacher at Booker T. Washington Elementary School in Suffolk, Virginia for during the 2007–2008 school year. Am. Compl. ¶ 3. In the two-count complaint, Plaintiff asserts a claim against the school board under Section 1983 for a violation of her civil rights based on custom and policy and for violation of the Fourteenth Amendment Due Process Clause under the United States Constitution. Plaintiff alleges that Defendants knew about dangerous conditions in the school that were caused by mold and bacteria growths before she was hired. *See* Am. Compl. ¶ 111. Plaintiff also alleges that Defendants knew that these conditions were causing injury and health problems for the students, teachers and staff, including Plaintiff. Am. Compl. ¶ 110.

Furthermore, Plaintiff alleges that Defendants, acting under color of law, were deliberately indifferent to the health and safety of the Plaintiff, and exercised their authority in a way that endangered Plaintiff and caused actual harm to her personal injury. Am. Compl. ¶¶ 107, 113, 116.

Plaintiff seeks an award of all personal injury, compensatory, and consequential damages in the amount of $1,500,000, attorneys fees, costs and expert fees, and any other damages that the Court sees fit.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. For purposes of a Rule 12(b)(6) motion, courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cty. Police Officers*, 762 F.2d 30, 31 (4th Cir.1985). Courts will favorably construe the allegations of the complainant and assume that the facts alleged in the complaint are true. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, a court "need not accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir.2000). A complaint need not contain "detailed factual allegations" in order to survive a motion to dismiss, but the complaint must incorporate "enough facts to state a belief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). This plausibility standard does not equate to a probability requirement, but it entails more than a mere possibility that a

defendant has acted unlawfully. *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009).

## III. DISCUSSION

■ Section 1983 states, in relevant part,

> Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...."

42 U.S.C. § 1983. To state a civil rights claim under 42 U.S.C. § 1983 ("Section 1983") a plaintiff must (1) allege a violation of constitutional or statutory rights, and (2) show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). In this case, Plaintiff alleges that Defendants deprived her of her constitutionally protected liberty interest in bodily integrity by "performing deliberate and affirmative acts that: masked unhealthy moisture and mold conditions in the School [and] hid the true conditions from Plaintiff who was made ill by the conditions ...". Pl.'s Mem. in Opp'n to Defs.' Mot. Dismiss at 3. In doing so, Plaintiff asserts a substantive due process claim under the Fourteenth Amendment based on her right to not be harmed by the conditions of the School in which she works. Plaintiff requests relief under Section 1983 because Defendants were state actors in their role as administrators of the School.

■ Defendants assert that Plaintiff has not alleged a cognizable violation of constitutional rights. Defs.' Br. in Supp. of Mot. to Dismiss Am. Compl. at 4. The United States Supreme Court has not yet recognized a liberty interest in bodily integrity for Plaintiffs who incur physical or medical injury as a result of workplace conditions. *See Collins v. City of Harker Heights,* 503 U.S. 115, 126, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992). In *Collins v. City of Harker Heights,* the widow of a city sanitation employee who died from asphyxia while trying to unstop a sewer line, brought a Section 1983 claim against the city alleging that Collins (her spouse) had a right "to be free from unreasonable risks of harm ... and ... to be protected from the [city's] custom and policy of deliberate indifference toward [its employees' safety] ...." *Collins v. City of Harker Heights,* 503 U.S. 115, 115, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992). The Court held that neither the text nor the history of the Due Process Clause supports a claim that "the Clause imposes an independent substantive duty upon municipalities to provide certain minimal levels of safety and security in the workplace." *Id.* at 116, 112 S.Ct. 1061. Plaintiff attempts to distinguish the facts of this case from *Collins* by basing her claim on the liberty interest in bodily integrity. Pl.'s Mem. in Opp'n to Defs.' Mot. to Dismiss at 3. While courts have recognized a liberty interest in bodily integrity, they have done so in very limited circumstances. *See, e.g., Wragg v. Thornton,* 604 F.3d 464, 467 (7th Cir.2010) (recognizing a substantive due process right to bodily integrity exists where a child was molested by a government official); *Jones v. Wellham,* 104 F.3d 620, 628 (4th Cir.1997) (stating that a woman's rape claim against a police officer was not a Fourth Amendment claim but rather an alleged violation of her "substantive due process right under the Fourteenth Amendment not to be subjected by anyone acting under the color of state law to the wanton infliction of physical harm"); *Doe v. Taylor Ind. Sch. Dist.,* 15 F.3d 443, 450–52 (5th Cir.1994)

(stating that sexual abuse of a student by a school teacher violated the student's constitutional right to bodily integrity); *Hall v. Tawney*, 621 F.2d 607, 609 (4th Cir. 1980) (holding that a teacher who paddled a child in school as well as the principal who authorized the paddling had violated the child's substantive due process rights under the Fourteenth Amendment). Plaintiff likens her claims to the line of cases extending substantive due process to child molestation victims. However, the Court fails to find any legal precedent or factual reason to support such analogy.

Upon review of the facts alleged in the Complaint, this Court finds that Plaintiff's claim falls within the *Collins* precedent. Plaintiff references excessive moisture conditions and the presence of excessive levels of molds in the School building as the harmful condition threatening her bodily integrity. Am. Compl. ¶ 11. According to the Amended Complaint, "the School Board had full knowledge of a continuing damp indoor space problem at the School, did not act to correct such problem, and did not warn or advise Plaintiff of such dangerous conditions." Am. Compl. ¶ 16. These allegations support the Court's finding that the facts of this case fall within Collins because it was the condition of the school building (i.e., Plaintiff's workplace) that allegedly caused her harm. This is a clear distinction from the recognized bodily integrity precedent, particularly that pertaining to child molestation.

Having found that Plaintiff's substantive due process claim for violation of bodily integrity does not constitute a cognizable violation of a constitutional right, the Court further finds that Plaintiff has not stated a claim for which relief can be granted under 42 U.S.C. § 1983. Consequently, Defendants' Motion to Dismiss for failure to state a claim is **GRANTED.**

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss based on Federal Rule of Civil Procedure 12(b)(6).

**IT IS SO ORDERED.**