**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TERRY M. MITCHELL,
Plaintiff-Appellant,

v.

No. 98-2496

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CA-97-330-3-P)

Argued: May 4, 1999

Decided: June 14, 1999

Before WILKINSON, Chief Judge, and WILKINS and
LUTTIG, Circuit Judges.

_____

Affirmed by published opinion. Judge Wilkins wrote the opinion, in
which Chief Judge Wilkinson and Judge Luttig joined.

_____

**COUNSEL**

**ARGUED:** Henry Bird Wansker, Rockingham, North Carolina, for
Appellant. Deborah Ruth Kant, Appellate Staff, Civil Division,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Appellee. **ON BRIEF:** Frank W. Hunger, Assistant Attor-
ney General, Mark T. Calloway, United States Attorney, William

Kanter, Appellate Staff, Civil Division, UNITED STATES DEPART-MENT OF JUSTICE, Washington, D.C., for Appellee.

_____

**OPINION**

WILKINS, Circuit Judge:

Terry M. Mitchell appeals an order of the district court affirming a denial of disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act. Benefits were denied on the basis of § 105 of the Contract with America Advancement Act (CAAA) of 1996, Pub. L. No. 104-121, 110 Stat. 847, 852-55 (1996), which amended pertinent portions of the Social Security Act to prohibit the award of DIB and SSI to individuals disabled by alcoholism or drug addiction. See 42 U.S.C.A. §§ 423(d)(2)(C), 1382c(a)(3)(J) (West Supp. 1999). Mitchell, an alcoholic, maintains that § 105 denies him the equal protection of the law in violation of the Fifth Amendment. See U.S. Const. amend. V. Because we conclude that the legislative classification at issue is rationally related to a legitimate governmental end, we affirm.

I.

Mitchell is a chronic alcoholic who has been unable to sustain employment because of his condition. In March 1995, he applied for DIB and SSI, alleging that he had been disabled by alcoholism since January 14, 1994. An administrative law judge (ALJ) concluded that Mitchell's alcoholism constituted a severe impairment and that the remaining eligibility requirements were satisfied. Nevertheless, the ALJ denied benefits because § 105 precluded a finding that Mitchell was disabled due to alcoholism.[1] Mitchell challenged this ruling before the appeals counsel, which affirmed the ALJ.

_____

[1] Mitchell also claimed he was disabled due to "depression, stomach problems, headaches, and poor circulation." J.A. 9. The ALJ determined that these ailments could not support an award of benefits because none of them were severe. Mitchell has not challenged this conclusion in this litigation.

Mitchell then filed this action in district court, alleging that the denial of DIB and SSI to individuals disabled by alcoholism or drug addiction constituted a denial of equal protection. The district court referred the matter to a magistrate judge, who rejected Mitchell's claim in an opinion the district court subsequently adopted. See Mitchell v. Apfel, 19 F. Supp.2d 523, 524 (W.D.N.C. 1998).

II.

Section 105 of the CAAA precludes an award of DIB and SSI to those disabled by alcoholism or drug addiction by amending pertinent statutory provisions to exclude individuals suffering from these problems from the category of disabled people eligible for such benefits. See 42 U.S.C.A. §§ 423(d)(2)(C), 1382c(a)(3)(J).[2] Mitchell maintains that § 105 violates the Constitution by singling out alcoholics and drug addicts for unequal treatment. See Mathews v. De Castro, 429 U.S. 181, 182 n.1 (1976) (explaining that the Due Process Clause of the Fifth Amendment "encompasses equal protection principles"). In considering an equal protection challenge, we generally will presume the legislation at issue to be valid and will uphold the statute if the classification it draws is rationally related to a legitimate purpose. See City of Cleburne, Texas v. Cleburne Living Ctr., Inc., 473 U.S. 432, 440 (1985); see also Romer v. Evans, 517 U.S. 620, 631 (1996) (setting forth basic principle underlying rational basis review). If, however, the statute employs a suspect class or burdens the exercise of a constitutional right, we exercise strict scrutiny review, upholding the

_____

[2] 42 U.S.C.A. § 423(d), which defines the term "disability" for purposes of DIB, provides in pertinent part that "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C.A. § 423(d)(2)(C). In nearly identical language, 42 U.S.C.A. § 1382c(a)(3)(J) sets forth the same exclusion for SSI. Implementing regulations specify that alcoholism or drug addiction is a contributing factor material to a disability determination if an individual would not be disabled if he stopped using alcohol or drugs. See 20 C.F.R. §§ 404.1535(b), 416.935(b) (1998). The regulations further explain that a person who suffers from disabling impairments unrelated to alcoholism or drug addiction is not prevented from receiving benefits. See id. §§ 404.1535(b), 416.935(b).

3

statute only if it is narrowly tailored to serve a compelling state interest. See City of Cleburne, Texas, 473 U.S. at 440. Additionally, certain quasi-suspect classifications, such as gender and illegitimacy, are subject to an intermediate form of scrutiny and will be upheld if "substantially related to a sufficiently important governmental interest." Id. at 441.

Alcoholics are neither a suspect nor a quasi-suspect class for purposes of equal protection analysis. See Gazette v. City of Pontiac, 41 F.3d 1061, 1067 (6th Cir. 1994); see also Palmer v. Merluzzi, 868 F.2d 90, 96 (3d Cir. 1989) (concluding that school suspension for drug and alcohol use was not based on suspect classification). Because § 105 does not employ a suspect class or burden a fundamental right, it "is accorded a strong presumption of validity," Heller v. Doe, 509 U.S. 312, 319 (1993), and "must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification," FCC v. Beach Communications, Inc., 508 U.S. 307, 313 (1993). Moreover, the burden rests on the one challenging the legislation to disprove the existence of "every conceivable basis which might support it." Lehnhausen v. Lake Shore Auto Parts Co., 410 U.S. 356, 364 (1973) (internal quotation marks omitted). Rational basis review is thus "a paradigm of judicial restraint," Beach Communications, Inc., 508 U.S. at 314, prohibiting us from "sit[ting] as a superlegislature to judge the wisdom or desirability of legislative policy determinations" underlying the legislation, City of New Orleans v. Dukes, 427 U.S. 297, 303 (1976) (per curiam). Once we have determined that there exists a plausible reason for the congressional action--and regardless of whether that reasoning actually motivated Congress--our inquiry ends. See United States R.R. Retirement Bd. v. Fritz, 449 U.S. 166, 179 (1980).

It cannot seriously be disputed that Congress has a legitimate interest in discouraging alcohol and drug abuse. See Vernonia Sch. Dist. 47J v. Acton, 515 U.S. 646, 661 (1995) (noting importance of government interest in curbing drug abuse in various contexts). And, § 105 is rationally related to this purpose in that it withholds social security benefits from those who likely would use the funds to purchase alcohol or drugs. See H.R. Rep. No. 104-379, at 17 (1995) (explaining that elimination of benefits for alcoholics and drug addicts eliminates

4

"a perverse incentive that affronts working taxpayers and fails to serve the interests of addicts and alcoholics, many of whom use their disability checks to purchase drugs and alcohol, thereby maintaining their addictions"). Section 105 thus satisfies rational basis review. Accordingly, we affirm.

AFFIRMED

5