UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-1690

SCOTT L. DELK,

              Plaintiff – Appellant,

      v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

              Defendant – Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Rebecca Beach Smith, Chief District Judge.  (2:14-cv-00505-RBS-DEM)

Argued:  October 26, 2016          Decided:  January 18, 2017

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished opinion.  Judge Shedd wrote the opinion, in which Judge Wilkinson and Judge Niemeyer joined.

**ARGUED:** David J. Cortes, Richmond, Virginia, for Appellant. George Maralan Kelley, III, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee. **ON BRIEF:** John O. Goss, GOSS AND FENTRESS, PLC, Norfolk, Virginia, for Appellant. Nora Koch, Acting Regional Chief Counsel, Taryn Jasner, Supervisory Attorney, Tara A. Czekaj, Assistant Regional Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; Dana J. Boente, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

A social security administrative law judge denied Scott L. Delk's claim for Disability Insurance Benefits and Supplemental Security Income, finding that he would not be disabled if he stopped abusing alcohol. After the decision became final, Delk brought this action seeking judicial review. Presented with cross-motions for summary judgment, the district court denied Delk's motion, granted the Commissioner's motion, and affirmed the decision. Delk now appeals. We affirm.

I

The Social Security Act comprises two disability benefits programs: the Social Security Disability Insurance Program, which provides benefits to disabled persons who have contributed to the program while employed, and the Supplemental Security Income Program, which provides benefits to indigent disabled persons. "The statutory definitions and the regulations promulgated by the Secretary for determining disability . . . governing these two programs are, in all aspects relevant here, substantively identical." Craig v. Chater, 76 F.3d 585, 589 n.1 (4th Cir. 1996).

For both types of benefits the Act defines the key term "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

3

death or which has lasted or can be expected to last for a continuous period of not less than 12 months. See 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In making a disability determination, an ALJ is required to conduct a five-step sequential process:

> [T]he ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work.

Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015).

"The first four steps create a series of hurdles for claimants to meet," id., and claimants bear the burden of proof at each of these steps, Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). The ALJ concluded that Delk met his burden and successfully cleared these hurdles. Among other things, the ALJ found that Delk suffers from depression, anxiety, alcohol dependence, tachycardia, diverticulosis, and status post colostomy, and that he cannot perform past relevant work. These findings, among others, moved the analysis to step five.

"At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual

4

functional capacity, age, education, and work experience." Mascio, 780 F.3d at 635 (citing regulations). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Id. "If the Commissioner meets her burden, the ALJ finds the claimant not disabled and denies the application for benefits." Id.

Having considered the vocational expert's testimony and Delk's impairments, including alcohol abuse, the ALJ concluded that the Commissioner failed to meet her step-five burden. Accordingly, the ALJ found that Delk is disabled under the five-step inquiry.

This finding, however, did not resolve the matter because 42 U.S.C. §§ 423(d)(2)(C) and 1382c(a)(3)(J) preclude a finding of disability if alcoholism or drug addiction is a material contributing factor to the disability finding. See Cage v. Commissioner, 692 F.3d 118, 123 (2d Cir. 2012) ("When there is medical evidence of an applicant's drug or alcohol abuse, the 'disability' inquiry does not end with the five-step analysis."). The regulations implementing these provisions "specify that alcoholism or drug addiction is a contributing factor material . . . if an individual would not be disabled if he stopped using alcohol or drugs." Mitchell v. Commissioner, 182 F.3d 272, 274 n.2 (4th Cir. 1999). Therefore, when – as here

5

- the ALJ finds both a disability and evidence of substance abuse after conducting the five-step analysis, he must then determine whether the disability would exist in the absence of the substance abuse. Kluesner v. Astrue, 607 F.3d 533, 537 (8th Cir. 2010). The claimant bears the burden of proof on this issue. Cage, 692 F.3d at 123; see also Social Security Ruling 13-2p, 2013 Westlaw 621536, at *4 (Feb. 20, 2013) ("When we apply the steps of the sequential evaluation a second time to determine whether the claimant would be disabled if he or she were not using drugs or alcohol, it is our longstanding policy that the claimant continues to have the burden of proving disability throughout the . . . materiality analysis.").

The ALJ considered and discussed the extensive evidence in the record concerning Delk's problems with alcohol. Among other things, the ALJ found that "it is not credible that [Delk] would be unable to sustain attention and concentration or perform simple and repetitive tasks in the workplace in the absence of his substance use." Administrative Record, at 19. Similarly, the ALJ found that if Delk stopped his alcohol use, he could "perform light level work and sustain attention and concentration to perform simple and repetitive [job] tasks, on a regular and continuing basis, with no close interaction with the general public." Id. at 22. The ALJ further found that if Delk stopped his alcohol use, there would be a significant number of

6

light/unskilled jobs available for him in the national economy. Consequently, the ALJ held that Delk's substance use disorder is a contributing factor material to the determination of disability that precludes him from being deemed disabled under the Social Security Act.

## II

We review a grant of summary judgment de novo, applying the same standard as the district court. Vannoy v. Fed. Res. Bk. Of Richmond, 827 F.3d 296, 300 (4th Cir. 2016). When examining a social security disability determination, we must uphold the determination if the ALJ applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. Pearson, 810 F.3d at 207. Substantial evidence is that amount of evidence which a reasonable mind might accept as adequate to support a conclusion; it is more than a mere scintilla but may be less than a preponderance. Id. On substantial evidence review, we do not reweigh conflicting evidence, make credibility findings, or substitute our judgment for that of the ALJ. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Where there is conflicting evidence that would allow reasonable minds to differ, we must defer to the ALJ's decision. Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012).

On appeal, Delk readily acknowledges that he "did have a severe drinking problem," Brief of Appellant, at 22, but he

7

argues that there is not substantial evidence to support the ALJ's finding that his alcohol use is a contributing factor material to the determination of disability. He also contends that the ALJ erred by making such a finding without employing a consultative examiner.

We disagree on both points. In our view, the ALJ thoroughly developed and properly considered the record, and substantial (indeed, significant) evidence supports the ALJ's finding that Delk's alcohol abuse is a material factor contributing to his disability. Further, we agree with the Commissioner that the ALJ was not obligated – either as a general matter or based on the facts of this case - to obtain the opinion of a consultative examiner regarding the interplay between his drinking and his disability.

We also find no merit to Delk's argument – premised on our decision in Mascio - that the ALJ posed a legally insufficient hypothetical question to the vocational expert because he omitted the impairments of concentration, persistence, and pace. We find Mascio distinguishable. Unlike the Mascio ALJ, the ALJ here, in determining Delk's residual functional capacity, properly analyzed the question of Delk's alleged restrictions as to concentration, persistence, and pace and found them to be insufficient in terms of seriousness and not credible without adding in his alcohol abuse. That finding is supported by

8

substantial evidence. Because these limitations did not become serious without Delk's alcohol abuse, they were not appropriate in the hypothetical question involving his actual physical and mental impairments.

III

Based on the foregoing, we affirm the decision of the district court.

AFFIRMED