**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1671**

KENNETH DUSHAUN FIELDS,

        Plaintiff - Appellant,

    v.

CLIFTON T. PERKINS HOSPITAL,

        Defendant – Appellee,

    and

JOSHUA M. SHARFSTEIN,

        Defendant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:12-cv-03254-RDB)

Submitted: March 31, 2015          Decided: June 3, 2015

Before WYNN, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Bruce M. Luchansky, LUCHANSKY LAW, Towson, Maryland, for Appellant. Douglas F. Gansler, Attorney General of Maryland, Christopher A. Gozdor, Assistant Attorney General, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth DuShaun Fields appeals the district court's order granting summary judgment to the Defendant, Clifton T. Perkins Hospital ("Hospital"), on his claim for disability discrimination under § 504 of the Rehabilitation Act of 1973, 29 U.S.C.A. § 794. Fields claimed that the Hospital failed to provide him a reasonable accommodation by not reassigning him to a position in the minimum-security wing of the facility where he worked. The district court concluded that Fields failed to meet his burden to present sufficient evidence that such a position was available at the relevant time or that offering Fields such a position would have been reasonable. We affirm.

"We review the district court's grant of summary judgment de novo." Walker v. Mod-U-Kraf Homes, LLC, 775 F.3d 202, 207 (4th Cir. 2014). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists, we "constru[e] the evidence in the light most favorable to . . . the non-movant . . . [and] draw all reasonable inferences in [his] favor." Walker, 775 F.3d at 207. We will uphold a grant of summary judgment unless we conclude that "a reasonable jury could return a verdict for the nonmoving party

3

on the evidence presented." Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 185 (4th Cir. 2004).

To establish a claim under the Rehabilitation Act for failure to make reasonable accommodations, a plaintiff must show that (1) he suffers a disability; (2) his employer had notice of the disability; (3) with reasonable accommodations, he is otherwise qualified to perform the employment position in question; and (4) his employer refused to make such reasonable accommodations. See Wilson v. Dollar Gen. Corp., 717 F.3d 337, 345 (4th Cir. 2013);[1] Sanchez v. Vilsack, 695 F.3d 1174, 1177 (10th Cir. 2012). "[R]easonable accommodation may include reassignment to a vacant position." EEOC v. Stowe-Pharr Mills, Inc., 216 F.3d 373, 377 (4th Cir. 2000) (internal quotation marks and ellipsis omitted); accord Sanchez, 695 F.3d at 1180. However, if there is no vacant position for which the plaintiff qualifies, then failure to reassign the employee does not constitute a breach of the employer's duty to reasonably accommodate the employee's disability, if possible, through reassignment. See Hedrick v. W. Reserve Care Sys., 355 F.3d 444, 457 (6th Cir. 2004); Winfrey v. City of Chi., 259 F.3d 610,

---

[1] Wilson is a case arising under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213 (2012). "To the extent possible, we construe the ADA and Rehabilitation Act to impose similar requirements." Halpern v. Wake Forest Univ. Health Scis., 669 F.3d 454, 461 (4th Cir. 2012).

4

618 (7th Cir. 2001). "It is the plaintiff's burden to show that a vacant position exists for which []he was qualified." Jackson v. City of Chi., 414 F.3d 806, 813 (7th Cir. 2005) (internal quotation marks omitted); see also McBride v. BIC Consumer Prods. Mfg. Co., 583 F.3d 92, 97 (2d Cir. 2009).

Having reviewed the record on appeal, we conclude that Fields presented insufficient evidence that a vacant position at the Hospital was available and no evidence that he was qualified for the positions he sought. Therefore, the district court correctly determined that Fields failed to meet his burden of production as to the existence of a vacant position at the Hospital for which he was qualified, and properly concluded that no genuine dispute remained as to whether the Hospital failed to offer Fields a reasonable accommodation. Accordingly, we affirm the district court's order granting summary judgment to the Hospital.[2]

---

[2] Fields also claimed that the Hospital violated the Rehabilitation Act by failing to engage with him in an interactive process to identify a reasonable accommodation. The district court correctly determined that such a claim would fail unless Fields identified a reasonable accommodation that would have been possible but for the Hospital's failure to engage in an interactive process. See Wilson, 717 F.3d at 347. Because Fields failed to present sufficient evidence demonstrating that a reasonable accommodation was possible, we conclude that the district court correctly granted the Hospital summary judgment on this claim as well.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED