**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1054**

CHRISELDA GUERRERO,

             Plaintiff - Appellant,

      v.

LORETTA E. LYNCH,

             Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, Senior District Judge.  (1:13-cv-00729-TSE-IDD)

Submitted:  July 23, 2015          Decided:  August 7, 2015

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Andrew C. Simpson, Christiansted, St. Croix, U.S. Virgin Islands, for Appellant.  Dana J. Boente, United States Attorney, Antonia Konkoly, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chriselda Guerrero filed a complaint in the district court alleging several violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e(17) (2012), and the Civil Service Reform Act of 1978 ("CSRA"), Pub L. No. 95-454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C.). The district court ruled in favor of the United States Marshals Service ("USMS"), and Guerrero appeals. We affirm.

First, Guerrero argues that the district court erred in granting the USMS's motion to dismiss Count One of her complaint for failure to exhaust her administrative remedies. We review a district court's dismissal for failure to state a claim "de novo and focus only on the legal sufficiency of the complaint." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). We view "the complaint in the light most favorable to the non-moving party." LeSueur-Richmond Slate Corp. v. Fehrer, 666 F.3d 261, 264 (4th Cir. 2012). The complaint must state a "plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

A federal employee must begin EEO counseling "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1) (2010). Guerrero does not contest the fact that she failed to initiate counseling within 45 days of the personnel action, but argues

2

that she had no reason to suspect the action was discriminatory at the time. However, the time limitation starts from when the discriminatory act occurred, not when it was discovered. Hamilton v. 1st Source Bank, 928 F.2d 86, 87-88 (4th Cir. 1990) (en banc). Moreover, while the limitations period may be waived, Jakubiak v. Perry, 101 F.3d 23, 27 (4th Cir. 1996), we find no waiver on the facts of this case.

Second, Guerrero argues that the district court erred in dismissing Count Three of her complaint when it found that she was on probationary status at the time of her demotion. The CSRA provides no relief to federal employees who are serving a probationary period. Hardy v. Merit Sys. Prot. Bd., 13 F.3d 1571, 1573 (Fed. Cir. 1994); see also 5 U.S.C. § 7511(a)(1)(A)(i) (2012). We "review a district court's jurisdictional findings of fact on any issues that are not intertwined with the facts central to the merits of the plaintiff's claims under the clearly erroneous standard of review and any legal conclusions flowing therefrom de novo." United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 348 (4th Cir. 2009).

Here, Guerrero's probationary status was not intertwined with the merits of her claim. Before it could reach the merits - whether she was demoted in accordance with the CSRA's procedural safeguards - the district court first had to

3

determine whether she was on probation. Guerrero's SF-50 stated that she was subject to a probationary period, the SF-50 was dated prior to her demotion, and the vacancy announcement for the position clearly stated that the selectee could be subject to a probationary status. The district court did not err in rejecting Guerrero's contention to the contrary. Thus, the district court correctly dismissed Guerrero's CSRA claim.

Finally, Guerrero argues that the district court erred in granting summary judgment to the USMS on her claim of retaliation concerning an internal affairs investigation into allegations she claimed improper travel reimbursements. We review de novo a district court's order granting summary judgment. Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. at 568 (quoting Fed. R. Civ. P. 56(a)). In determining whether a genuine issue of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." Id. at 565 n.1 (internal quotation marks omitted). However, "[c]onclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the nonmoving party's] case." Thompson v. Potomac Elec. Power

4

Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

We apply the familiar McDonnell Douglas[*] framework for plaintiffs who lack direct evidence of retaliation. Foster v. Univ. of Md.-E. Shore, 787 F.3d 243, 250 (4th Cir. 2015). Guerrero must first establish a prima facie case that (1) she engaged in a protected activity, (2) her employer took an adverse action, and (3) there was a causal connection between the protected activity and the adverse action. Id. Once a prima facie case is established, the USMS then must show a legitimate, nonretaliatory reason for its action. Id. If there is such a reason, then Guerrero has the burden to show that the reason was a pretext for retaliation. Id.

Guerrero's evidence of pretext amounts to nothing more than impermissible speculation. Additionally, the allegations were substantiated following an investigation. An employee is not shielded from discipline merely by engaging in protected activity under Title VII. See Glover v. S.C. Law Enf't Div., 170 F.3d 411, 414 (4th Cir. 1999) ("Employers retain . . . the right to discipline or terminate employees for any legitimate, nondiscriminatory reason.").

---

[*] McDonnell Douglas v. Green, 411 U.S. 792 (1973).

5

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED